**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*if known*): _____ Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Gavilan Resources, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | BCP Dawn Holdings, LLC |
| | Include any assumed names, trade names, and *doing business as* names | Aguila Production, LLC |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 81-3366688 |

**4.  Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 920        Memorial City Way | |
| Number     Street | Number        Street |
| Suite 1400 | |
| | P.O. Box |
| Houston    TX      77024 | |
| City       State   ZIP Code | City        State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris | |
| County | |
| | Number      Street |
| | |
| | City        State      ZIP Code |

**5.  Debtor's website** (URL)          https://www.gavilanresources.com

**6.  Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor   **Gavilan Resources, LLC**
_____   Case number (if known) _____
         Name

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
____2111____

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____  When _____  Case number _____
                                          MM/ DD/ YYYY

         District _____  When _____  Case number _____
                                          MM / DD/ YYYY

---

Debtor    Gavilan Resources, LLC          Case number (if known) _____

Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    <u>See attached Schedule 1</u>    Relationship   <u>See attached Schedule 1</u>

District   <u>Southern District of Texas</u>    When    <u>See attached Schedule 1</u>
                                                                   MM / DD/ YYYY

Case number, if known    _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                     State       ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

           Contact Name _____

           Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☒ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000

☐ 50-99          ☐ 5,001-10,000      ☐ 50,001-100,000

☐ 100-199        ☐ 10,001-25,000    ☐ More than 100,000

☐ 200-999

---

Debtor    Gavilan Resources, LLC                                          Case number (if known) _____
_____
Name

---

**15. Estimated assets**

(on a consolidated basis
with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

(on a consolidated basis
with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ▪ I have been authorized to file this petition on behalf of the debtor.
- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      05/15/2020
                 MM / DD / YYYY

✗  /s/ David E. Roberts, Jr.                          David E. Roberts, Jr.
   _____                  _____
   Signature of authorized representative of         Printed name
   debtor

   Chief Executive Officer
   _____
   Title

**18. Signature of attorney**

✗  /s/ Alfredo R. Pérez                     Date    05/15/2020
   _____                 _____
   Signature of attorney for debtor                 MM / DD / YYYY

   Alfredo R. Pérez
   _____
   Printed Name

   Weil, Gotshal & Manges LLP
   _____
   Firm Name

   700 Louisiana, Suite 1700
   _____
   Address

   Houston, TX  77002-2784
   _____
   City/State/Zip

   (713) 546-5000
   _____
   Contact Phone

   alfredo.perez@weil.com
   _____
   Email Address

   15776275              Texas
   _____
   Bar Number            State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtors

On May 15, 2020, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors have filed a motion requesting that the chapter 11 cases of the Debtors be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
|---|
| Gavilan Resources, LLC |
| Gavilan Resources HoldCo, LLC |
| Gavilan Resources Holdings, LLC |
| Gavilan Resources Management Services, LLC |

RESOLUTIONS OF
THE GOVERNING BODIES OF
GAVILAN RESOURCES HOLDINGS, LLC
GAVILAN RESOURCES HOLDCO, LLC
GAVILAN RESOURCES MANAGEMENT SERVICES, LLC
GAVILAN RESOURCES, LLC

**May 15, 2020**

The required members of the board of managers, or the sole member, as the case may be (as applicable, the "**Governing Body**"), of each of the above referenced companies (each, a "**Company**," and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with applicable law, the following resolutions and every action effected thereby:

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body believes that commencing a Chapter 11 Case (as defined below) and taking the actions set forth below are in the best interests of the applicable Company and, therefore, desires to approve the following resolutions; and

**WHEREAS**, in connection with a Chapter 11 Case (as defined below), each Governing Body has considered providing adequate protection, including paying certain fees, to certain of their prepetition secured lenders pursuant to a consensual cash collateral order (the "***Cash Collateral Order***") on terms and conditions similar to those previously provided to each Governing Body; and

**WHEREAS**, each Governing Body, having considered the terms of the Cash Collateral Order, and having consulted with and considered advice from the Company's legal and financial advisors, deems it advisable and in the best interests of the Company to enter into the transactions contemplated therein.

<u>**Commencement of the Chapter 11 Case**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of the applicable Company, that it is desirable and in the best interests of each such Company, its creditors, and other parties in interest that a petition be filed by each such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any manager or officer of such Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such

Authorized Officer deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**" and together, the "**Chapter 11 Cases**"), including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

**Retention of Advisors**

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Vinson & Elkins, LLP, located at 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Lazard Frères & Co. LLC, located at 30 Rockefeller Plaza, New York, New York 10112, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Huron Consulting Services LLC, located at 1166 Avenue of the Americas, Suite 300, New York, New York 10036, is hereby retained as restructuring advisors for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, 12th Floor, New York, New York 10017, is hereby retained as claims and noticing agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**Use of Cash Collateral**

**RESOLVED**, each Governing Body of each Company authorizes and directs the Authorized Officers to take such action as such officers deem necessary or appropriate to cause each Company, respectively, to complete the transactions contemplated by the Cash Collateral Order, and any and all other agreements, documents, or instruments required or appropriate in connection with or incidental to the transactions contemplated by each of the foregoing; and be it further

**Ratification**

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with these Resolutions and Chapter 11 Cases; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company; and be it further

**RESOLVED**, that a copy of this Resolution executed as aforesaid may be placed in the minute book of each Company and such copy shall be conclusive evidence that these resolutions have been adopted.

[Signature Pages Follow]

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES HOLDINGS, LLC, have executed this written consent as of the date set forth above.

**MANAGERS:**

_____
Angelo Acconcia

_____
Jun (John) Hyung Lee

_____
David E. Roberts Jr.

_____
Mark Zhu

_____
Al Hirshberg

_____
John Schopp

_____
Neal Goldman

_____
DJ (Jan) Baker

*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES HOLDINGS, LLC, have executed this written consent as of the date set forth above.

**MANAGERS:**

_____
Angelo Acconcia


_____
Jun (John) Hyung Lee


_____
David E. Roberts Jr.


_____
Mark Zhu


_____
Al Hirshberg


_____
John Schopp


_____
Neal Goldman


_____
DJ (Jan) Baker


*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF,** the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES H●LDINGS, LLC, have executed this written consent as of the date set forth above.

**MANAGERS:**

_____
Angelo Acconcia

_____
Jun (John) Hyung Lee

_____
David E. Roberts Jr.

_____
Mark Zhu

_____
Al Hirshberg

_____
John Schopp

_____
Neal Goldman

_____
DJ (Jan) Baker

*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES HOLDINGS, LLC, have executed this written consent as of the date set forth above.

**MANAGERS:**

_____

Angelo Acconcia

_____

Jun (John) Hyung Lee

_____

David E. Roberts Jr.

_____

Mark Zhu

_____

Al Hirshberg

_____

John Schopp

_____

Neal Goldman

_____

DJ (Jan) Baker

*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES HOLDINGS, LLC, have executed this written consent as of the date set forth above.

**MANAGERS:**

_____
Angelo Acconcia


_____
Jun (John) Hyung Lee


_____
David E. Roberts Jr.


_____
Mark Zhu


_____
Al Hirshberg


_____
John Schopp


_____
Neal Goldman


_____
DJ (Jan) Baker


*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES HOLDINGS, LLC, have executed this written consent as of the date set forth above.

**MANAGERS:**

_____

Angelo Acconcia

_____

Jun (John) Hyung Lee

_____

David E. Roberts Jr.

_____

Mark Zhu

_____

Al Hirshberg

_____

John Schopp

_____

Neal Goldman

_____

DJ (Jan) Baker

*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of the Board of Managers of GAVILAN RESOURCES HOLDCO, LLC, have executed this written consent as of the date set forth above.

MANAGERS:

_____
Angelo Acconcia

_____
Jun (John) Hyung Lee

_____
Mark Zhu

*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member of GAVILAN RESOURCES MANAGEMENT SERVICES, LLC, has executed this written consent as of the date set forth above.

SOLE MEMBER:

**Gavilan Resources Holdings, LLC**

David E. Roberts, Jr.
Chief Executive Officer

*[Signature Page to Written Consent]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member of GAVILAN RESOURCES, LLC, has executed this written consent as of the date set forth above.

**SOLE MEMBER:**

**Gavilan Resources HoldCo, LLC**


David E. Roberts, Jr.
Chief Executive Officer

*[Signature Page to Written Consent]*

| Fill in this information to Identify the case: |
| --- |

Debtor Name:   GAVILAN RESOURCES, LLC

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Case Number (If known):

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SN EF MAVERICK LLC 1000 MAIN ST STE 3000 HOUSTON, TX  77002 | CONTACT: CAMERON W. GEORGE, CFO PHONE: (713) 783-8000  MCAVENAUGH@JW.COM | TRADE DEBT | C, U, D | | | $10,026,014.34 |
| 2 | WGR OPERATING LP 1201 LAKE ROBBINS DR THE WOODLANDS, TX  77380 | CONTACT: MICHAEL P. URE, CEO PHONE: (832) 636-6000 FAX: (832) 636-0547 MICHAEL_URE@OXY.COM | TRADE DEBT | | | | $4,932,907.69 |
| 3 | VENADO EF LP 13301 GALLERIA CIRCLE 300 AUSTIN, TX  78738 | CONTACT: SCOTT GARRICK, CEO PHONE: (512) 518-2900 FAX: (512)-518-2910 OWNER.RELATIONS@VOGLLC.COM | TRADE DEBT | | | | $81,314.92 |
| 4 | MITSUI E&P TEXAS LP 1300 POST OAK BLVD SUITE 1800 HOUSTON, TX  77056 | CONTACT: KAZUHIKO GOMI PHONE: (713) 960-0023 K.GOMI@MITSUI.COM | TRADE DEBT | | | | $43,246.14 |
| 5 | CORE GEOLOGIC LLC 1600 BROADWAY SUITE 1480 DENVER, CO  80202 | CONTACT: DANIEL LOWRIE, VICE PRESIDENT PHONE: (832) 776-3768 DLOWEIE@CORELOGIC.COM | TRADE DEBT | | | | $34,950.00 |
| 6 | DRILLING INFO INC 3333 LEE PARKWAY DALLAS, TX  75219 | CONTACT: ALLEN GILMER INFO@DRILLINGINFO.COM | TRADE DEBT | | | | $15,990.00 |
| 7 | ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE INC 380 NEW YORK STREET REDLANDS, CA  92373 | CONTACT: JACK DANGERMOND FAX: (909)-793-5953 | TRADE DEBT | | | | $4,871.25 |

Debtor: GAVILAN RESOURCES, LLC

Case Number (if known): 20-xxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8   SILVERSAND SERVICES INC 2827 BARKER CYPRESS RD HOUSTON, TX  77084 | CONTACT: MARK LLOYD PHONE: 713-722-0336 FAX: (713)-722-8160 MLLOYD@SILVERSANDSERVICES.COM | TRADE DEBT | | | | $104.49 |
| 9   NYSE MARKET (DE), INC. 11 WALL ST. FL 6 NEW YORK, NY  10005-1905 | CONTACT: ASHA SHAH, DIRECTOR PHONE: 212-656-3000 ASHA.SHAH@THEICE | TRADE DEBT | | | | $72.49 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **GAVILAN RESOURCES, LLC,** | § | **Case No. 20-_____ (___)** |
| | § | |
| | § | |
| Debtors.[1] | § | **(Joint Administration Requested)** |
| | § | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 7007.1**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, attached hereto as

**Exhibit A**, is an organizational chart for Gavilan Resources, LLC and its affiliated debtors as

proposed debtors and debtors in possession (collectively, the "**Debtors**"). The Debtors

respectfully represents as follows:

1. Gavilan Resources Holdings, LLC ("**Holdings**") is the ultimate parent

entity of each of the other Debtors.

2. Holdings holds 100% of the Common Units of Gavilan Resources HoldCo,

LLC. Non-Debtor SN Comanche Manager, LLC holds 100% of the Class A Units of Gavilan

Resources HoldCo, LLC.

3. Holdings holds 100% of the equity interests of Gavilan Resources

Management Services, LLC.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Gavilan Resources, LLC (6688); Gavilan Resources HoldCo, LLC (6425); Gavilan Resources Holdings, LLC (4496); and Gavilan Resources Management Services, LLC (3961).  The Debtors' mailing address is 920 Memorial City Way, Suite 1400, Houston, Texas  77024.

4.       Gavilan Resources HoldCo, LLC holds 100% of the equity interests of Gavilan Resources, LLC.

5.       Non-Debtor Gavilan Resources Intermediate Aggregator, LLC holds 100% of Series B Common Interests in Holdings.  Certain current employees of the Debtors hold 100% of the Series A Profit Interests and the Series C Common Interests of Holdings.

## <u>Exhibit A</u>

**Organizational Chart**



**Fill in this information to identify the case and this filing:**

Debtor name: <u>Gavilan Resources, LLC</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>Texas</u>
<span style="font-size:small">(State)</span>

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration* _____ <u>Corporate Ownership Statement</u> _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>05/15/2020</u>
<span style="font-size:small">MM / DD / YYYY</span>

✗ <u>/s/ David E. Roberts, Jr.</u>
Signature of individual signing on behalf of debtor

<u>David E. Roberts, Jr.</u>
Printed name

<u>Chief Executive Officer</u>
Position or relationship to debtor